# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **LARRY JORDAN,** } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 7:13-cv-00236-MHH |
| } | |
| **CAROLYN COLVIN,** } | |
| **Acting Commissioner,** } | |
| **Social Security Administration,** } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION

Plaintiff Larry Jordan applied to the Commissioner of Social Security for a period of disability, Disability Insurance Benefits, and Supplemental Security Income. The Commissioner denied Mr. Jordan's application. In this Court, Mr. Jordan challenges the Commissioner's decision. (Doc. 1). The magistrate judge who initially presided over this matter issued a report and recommended that the Court affirm the Commissioner's decision. (Doc. 11). Mr. Jordan objects to the report and recommendation. (Doc. 12). The Clerk reassigned this matter to the undersigned judicial officer for consideration of the magistrate judge's report and Mr. Jordan's objections to it. (Doc. 14).

1

**DISCUSSION**

When a party objects to a magistrate judge's report and recommendation, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  This means the Court must "give fresh consideration to those issues to which specific objection has been made."  *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).  The portions of the report and recommendation to which the petitioner has not objected are reviewed for clear error.  *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).  The Court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

Mr. Jordan objects to the magistrate judge's report, stating that the magistrate judge "failed to address the administrative law judge's failure to follow the Commissioner's own regulations regarding the evaluation of medical opinion."  (Doc. 12, p. 2).  Mr. Jordan argues that the ALJ failed to follow "all of the standards contained in the [applicable] regulations."  (Doc. 12, p. 3) (emphasis in Doc. 12).  According to Mr. Jordan, "[t]he ALJ's most serious omission was the failure to discredit, or even discuss, the valid testing administered by Dr. Goff which, when combined with his clinical observations, formed the basis for the neuropsychologist's findings and opinions.  Opinions and findings supported by

2

medical testing are given substantial weight. 20 C.F.R. 404.1527 (c)(3). Moreover, the regulations favor use of the types of testing administered by Dr. Goff in evaluating and documenting mental disorders. See 20 C.F.R. Subpt P. App. 1, 12.00 Mental Disorders D. 5." (Doc. 12, p. 3). Mr. Jordan submits that the magistrate judge "failed to consider the absence of any discussion in the ALJ's decision about the eight of these factors even though [the factors] are detailed in the regulation." (Doc. 12, p. 4).

Mr. Jordan's argument operates from an incorrect premise. The Eleventh Circuit has held that when an ALJ considers a medical opinion pursuant to 20 C.F.R. 404.1527, "the ALJ is not required to explicitly address each of those factors" in his or her opinion. *Lawton v. Comm'r of Soc. Sec.*, 431 Fed. Appx. 830, 833 (11th Cir. 2011). The ALJ discussed his reasons for concluding that Mr. Jordan's borderline intellectual functioning is "a non-severe impairment that does not cause more than minimal limitation in [Mr. Jordan's] ability to perform mental work activities" and for rejecting Dr. Goff's other findings and opinions. (Doc. 6-3, p. 13). In fact, the ALJ devoted three pages of his opinion to his analysis of Dr. Goff's opinion. (Doc. 6-3, pp. 13-15). In those three pages, the ALJ discussed the extent to which the record as a whole shaped his analysis of Mr. Jordan's intellectual functioning and anxiety. (*Id*).

The magistrate judge, in turn, discussed at length Mr. Jordan's challenges to the ALJ's evaluation of Dr. Goff's opinion. (Doc. 11, pp. 11-19). As the magistrate judge noted, although Mr. Jordan attended high school, his education seems to qualify as "marginal" under the applicable regulations. (Doc. 11, p. 16) (explaining that "the regulations define a sixth grade or less level of education as 'marginal' and state that an individual with a marginal education has 'ability in reasoning, arithmetic, and language skills which are needed to do simple unskilled types of jobs.' 20 C.F.R. §§ 404.1564(b)(2), 416.964(b)(2)."). Indeed, Mr. Jordan's performance on the tests that Dr. Goff administered indicates that Mr. Jordan functions academically at the fourth grade level. (Doc. 6-10, p. 58). As the magistrate judge found, even if the ALJ erred in concluding that Mr. Jordan has a "limited" education rather than a "marginal" education, the error is harmless "because it would not affect the VE's conclusion that Plaintiff could perform other jobs." (Doc. 11, p. 16).

In the final analysis, the record demonstrates that Mr. Jordan was capable of performing a number of jobs in the past. His ability to read, write, and follow instructions has not changed over time. His physical problems with his foot, not his intellectual capacity, caused him to leave his most recent job. (Doc. 6-3, pp. 55-56). The Court overrules Mr. Jordan's objection to the way in which the

magistrate judge evaluated the ALJ's treatment of Dr. Goff's opinion concerning Mr. Jordan's intellectual capacity.

Mr. Jordan also argues that the magistrate judge failed to recognize that Dr. Goff opined that Mr. Jordan's ability to find and maintain work is affected not only by his (Mr. Jordan's) literacy but also by "numerous deficits" such as "memory problems and anxiety." (Doc. 12, p. 5). Neither the magistrate judge nor the ALJ disregarded Dr. Goff's broader opinion. The magistrate judge and the ALJ simply concluded that the record as a whole undermines Dr. Goff's conclusion (which is based upon a single meeting with Mr. Jordan) that Mr. Jordan has a "marked degree of impairment of his ability to understand, remember, and carry out complex instructions; marked degree of impairment of his ability to maintain attention and concentration for extended periods; and a marked degree of impairment of his ability to respond to customary work pressures." (Doc. 6-3, p. 14; Doc. 11, pp. 16-19). Indeed, even Dr. Goff acknowledged that Mr. Jordan's anxiety seemed to be "situational." (Doc. 6-10, p. 59). The Court overrules this objection too.

**CONCLUSION**

Based on the Court's *de novo* review of the portions of the magistrate judge's report and recommendation to which Mr. Jordan objected and the Court's review for clear error of the portions of the report and recommendation to which

Mr. Jordan did not object, the Court **ADOPTS** the magistrate judge's report and recommendation and overrules Mr. Jordan's objections to the report and recommendation. The Court will enter a separate judgment consistent with this memorandum opinion.

      **DONE** and **ORDERED** this September 15, 2014.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE